UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Vincent Fantasia<br><br>    Plaintiff,<br><br>v.<br><br>Rite Coast Financial, Inc.<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Lakeland, Florida at all times relevant to this action.

2. Defendant is a Florida Corporation that maintained its principal place of business in Orlando, Florida at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because (a substantial part of the events giving rise to this claim occurred in this judicial district OR Defendant resides in this judicial district).

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Continental Master Card which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around August 26, 2010, Defendant telephoned Plaintiff's sister ("Keri").

13. During this communication, Defendant threatened to send someone to Keri's house to serve Plaintiff with a warrant.

14. Defendant caused Plaintiff emotional distress.

15. Defendant violated the FDCPA.

## COUNT ONE

16. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

17. In support hereof, Plaintiff incorporates paragraphs 12-13 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

19. In support hereof, Plaintiff incorporates paragraphs 12-13 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

21. In support hereof, Plaintiff incorporates paragraphs 12-13 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: /s/ Helene Karen Gatto
   Helene Karen Gatto, Bar # 0190527
   2901 West Busch Blvd, Suite 701
   Tampa, FL 33618
   Tel:  1.866.339.1156
   Fax: 1.312.822.1064
   Email:  kga@legalhelpers.com
   *Attorney for Plaintiff*